USCA1 Opinion

 

 May 19, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUTI ____________________ No. 94-2240 ROBERT D. SPICKLER, Plaintiff, Appellant, v. STATE OF MAINE, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Robert D. Spickler on brief pro se. __________________ Andrew Ketterer, Attorney General, and Francis E. Ackerman, ________________ _____________________ Assistant Attorney General, on brief for appellee. ____________________ ____________________ Per Curiam. Plaintiff Robert Spickler has filed a 42 __________ U.S.C. 1983 action against the State of Maine, complaining that the state courts have deprived him of an impartial forum in violation of his First and Fourteenth Amendment rights. As plaintiff's complaint is irreparably flawed in various respects, we affirm the amended judgment of dismissal. First, it is now settled that a state is not a "person" subject to suit under 1983. See, e.g., Hafer v. Melo, 502 ___ ____ _____ ____ U.S. 21, 25-26 (1991); Will v. Michigan Dep't of State ____ _________________________ Police, 491 U.S. 58, 62-70 (1989). Second, the action is ______ barred by the Eleventh Amendment. Contrary to plaintiff's suggestion, the enactment of 1983 did not serve to abrogate the states' Eleventh Amendment immunity. See, e.g., Quern v. ___ ____ _____ Jordan, 440 U.S. 332, 342 (1979). And contrary to his ______ further contention, such immunity extends to actions seeking injunctive relief against a state as well as to those simply seeking damages. See, e.g., Puerto Rico Aqueduct & Sewer ___ ____ ______________________________ Auth. v. Metcalf & Eddy, Inc., 113 S. Ct. 684, 688-89 (1993); _____ ____________________ Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, _______________________________ _________ 100-01 (1984); Cory v. White, 457 U.S. 85, 90-91 (1982).1 ____ _____  ____________________ 1. Plaintiff does not argue that Maine has effected a general waiver of its Eleventh Amendment immunity in cases of this nature. We thus need not address the issue, other than to note that such a contention has been elsewhere rejected. See, e.g., Grenier v. Kennebec County, Maine, 733 F. Supp. ___ ____ _______ _______________________ 455 (D. Me. 1990). Third, plaintiff fails to appreciate that lower federal courts lack jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia _____________________ Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); _________________ _______ accord, e.g., Rooker v. Fidelity Trust Co., 263 U.S. 413 ______ ____ ______ ___________________ (1923). Finally, most if not all of the instant complaint falls within the scope of the 1987 injunction barring plaintiff from filing further federal court actions without leave of court. For the reasons recited above, as well as those enumerated by the district court, we agree with the court's conclusion that plaintiff has not made a prima facie showing as required by that injunction. Affirmed.  _________ -3-